IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANGEWATER REAL ESTATE, LLC,

    Plaintiff,

      v.

LOVELY WOODS, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:25-cv-02809-TRJ

## ORDER

This matter is before the Court following the Magistrate Judge's Final Report and Recommendation ("R&R") that this action be remanded to the Magistrate Court of Gwinnett County. (Doc. 3).

Under 28 U.S.C. § 636(b)(1), the Court reviews an R&R for clear error if no objections are filed by a party within 14 days after being served with a copy. If a party files objections to the R&R, the Court must determine *de novo* any part of the R&R that is the subject of a proper objection. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). A party objecting to an R&R must specifically identify those findings objected to. "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009) (internal citation omitted); *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

On June 5, 2025, Defendants Lovely Woods and Janai Woods filed a document titled "Objection and Response Answer to Report and Recommendation to Object Plaintiff and Court Dismissal" as an objection to the Final R&R. (Doc. 5). But, upon

review, Defendants do not state a proper objection to the R&R. Defendants fail to specifically identify any portion of the R&R that they are objecting to or the basis for any such objection. Rather than addressing the Magistrate Judge's findings, Defendants argue that Plaintiff failed to make objections to the Magistrate Judge's factual findings and failed to state a claim for relief. (*Id.* at 2). Because Defendants fail to object to any part of the R&R, their objection need not be considered by the Court, and a review of the R&R for clear error is appropriate in this case.

Accordingly, the Court has reviewed the Final R&R for clear error and finds none. The Court **ADOPTS** the findings and conclusions in the Final R&R (Doc. 3) as the opinion and order of the Court. For the reasons stated in the Final R&R, this action is **REMANDED** to the Magistrate Court of Gwinnett County for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 10th day of June, 2025.

_____

TIFFANY R. JOHNSON
United States District Judge

2